

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5029 | **DATE** | 11/8/2004 |
| **CASE TITLE** | ORAL SEKENDUR vs. ANOTO AB | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Appellee Anoto AB's motion to dismiss appeal is granted. Appellant, Oral Sekendur's case is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 09 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 10 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ORAL SEKENDUR, | ) |
| --- | --- |
| Appellant, | ) |
| vs. | ) No. 04 C 5029 |
| ANOTO AB, | ) |
| Appellee. | ) |

DOCKETED
NOV 09 2004

## MEMORANDUM OPINION AND ORDER

Appellant Oral Sekendur has appealed a bankruptcy court's dismissal of his Chapter 13 bankruptcy case on June 22, 2004, and, desiring to proceed *in forma pauperis*, he has filed a financial affidavit in this court. Appellee now moves to dismiss that appeal under 28 U.S.C. § 1915(e)(2)(A) on the grounds that appellant's allegation of poverty is untrue. For the following reasons, appellee's motion to dismiss is granted.

Section 1915(e)(2) requires dismissal of an *in forma pauperis* case if it fits in one of two categories. Cases must be dismissed when allegations of poverty are false. 28 U.S.C. § 1915(e)(2)(A); Thomas v. GMAC, 288 F.3d 305, 306 (7th Cir. 2002). Alternatively, they must also must be dismissed when either frivolous or malicious, they fail to state a claim upon which relief may be granted, or they seek damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). In the typical *in forma pauperis* case we evaluate the plaintiff's complaint and apply the standard used in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), taking petitioner's allegations as true. Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). That analysis generally focuses on § 1915(e)(2)(B)(i)-(iii). But, this is not the typical case – appellee here moves to dismiss the appeal under subsection (A) and not (B). Thus, the

central issue is whether appellant's disclosures in his financial affidavit sufficiently and truthfully show financial need. Appellee contends that appellant fails to disclose assets and property that would preclude such a showing and that appellant's untruthful allegation of poverty requires dismissal. Appellee further asserts that appellant's nondisclosure is not an isolated occurrence, and a survey of appellant's litigation in bankruptcy court supports that position.

The bankruptcy court dismissed appellant's case under 11 U.S.C. § 1307(c)(1), which enables the court to dismiss a case when the debtor causes unreasonable delay that prejudices creditors. The court also invoked 11 U.S.C. § 109(g) to bar appellant from filing any additional bankruptcy petition within 180 days from the date of its order. In re Sekendur, No. 04-18834 (Bankr. N.D. Ill. June 22, 2004). When the court so held, appellant was not a stranger to dismissal of a bankruptcy filing. On February 19, 2004, in a case involving a different creditor, another bankruptcy court dismissed appellant's filing as a bad faith filing and cited several reasons, including appellant's failure to disclose both household income and patents worth millions of dollars. In re Sekendur, No. 04-02173 (Bankr. N.D. Ill. Feb 19, 2004). Appellant appealed that dismissal, but not in a timely manner, and Judge Andersen dismissed the appeal for lack of jurisdiction, without reaching the appellee's motion to dismiss appellant's *in forma pauperis* petition. Sekendur v. Dent-A-Med, Inc., No. 04-5030 (N.D. Ill. Sept. 13, 2004). That petition is exactly the same as the one before us now. These cases show appellant's proclivity for less than full disclosure on court documents that require full disclosure, such as the financial affidavit in this case.

In the financial affidavit, question 3 asks if the applicant "or anyone else living at the same address" with the applicant received more than $200 from a number of sources, including salary, self-employment, dividends, interest, life insurance, inheritances, gifts and

"any other sources." Appellant answered "No" for all these categories. He disclosed a checking account with $2,000, but failed to note who holds that account. He also disclosed that he holds a retirement account valued at $150,000, but in response to questions 6 and 7 stated that neither he nor anyone living at his address owns any real estate, vehicles, or other items of personal property worth more than $1,000. His answers to many of these questions are not true.

During a hearing before Judge Cox, who presided over and dismissed appellant's second Chapter 13 filing, appellant acknowledged that his wife, with whom he lives, owns significant assets and property, but when asked in unequivocal terms on the financial affidavit to disclose any assets that he or anyone in his house owns, he ignores his wife's assets. However, we need not rely on the hearing before Judge Cox to find that appellant's allegations of poverty are untrue. In his response to appellee's motion, appellant never denies that his wife possesses assets and property that went unreported in his financial affidavit. Instead, he cites authority and raises several arguments that he believes support his nondisclosure of those assets and property. He first states that property acquired by gift, legacy or descent is non-marital property and references 750 ILCS 5/503(a)(1), which is part of the Illinois Marriage and Dissolution of Marriage Act. That section is inapposite for the purposes of properly completing an *in forma pauperis* application. Appellant then cites Lee v. McDonald's Corp., 231 F.3d 456 (8th Cir.), which he believes stands for the blanket proposition that an *in forma pauperis* applicant is not required to report his wife's assets when the wife denies the applicant access to those assets. Even if we grant appellant's reading of that case, he has not alleged that his wife denies him access to her assets and all facts indicate to the contrary, particularly the fact that he lives with his wife in her home, which is located in a prestigious Chicago neighborhood. Further, in Lee the applicant's wife refused to take "out a loan to enable him

to proceed in this lawsuit." *Id.* at 458. But in his response, appellant admits that his wife has paid, as a loan, "various fees including expert witness fees."

Not only did appellant fail to disclose his wife's assets and property, he also omitted reference to his own property – specifically over $50,000 worth of dental equipment. Appellant argues that he actually did disclose those assets in his bankruptcy filings on May 28, 2004. But disclosure in the bankruptcy documents is not tantamount to disclosure in the *in forma pauperis* application. Similarly, appellant alleges that he has "clearly disclosed" his patent assets and again references documents filed in bankruptcy court. In those documents appellant noted several cases in which he is a party, including a dispute with appellee regarding a patent.[1] First, we do not see how that reference could amount to a disclosure of the patent assets in the bankruptcy proceeding. And second, the mere mention of the litigation in the bankruptcy documents does not qualify as disclosure of the patent assets on the *in forma pauperis* application. Further, the fact that appellee challenges the value of the patent in that litigation does not discharge appellant's duty to report the patent in his application.

Appellant did not merely miscalculate the value of his household's assets, nor fudge the numbers and forget to disclose some property, his categorical denial of having any income or assets is untrue. *See* Mathis v. New York Life Ins. Co., 133 F.3d 546 (7th Cir. 1998).

## CONCLUSION

For the foregoing reasons, appellant's case is dismissed with prejudice.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 8, 2004.

---

[1] Anoto AB v. Sekendur, 03 CV 4723, is presently before Judge Holderman.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

ORAL SEKENDUR            **JUDGMENT IN A CIVIL CASE**

v.            Case Number: 04 C 5029

ANOTO AB

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that appellee's motion to dismiss the appeal is granted. Appellant's case is dismissed with prejudice.

Michael W. Dobbins, Clerk of Court

Date: 11/8/2004

Linda Garth, Deputy Clerk